ORIGINAL FILED

AUG - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COULMBIA

RUSSELL KAEMMERLING, 04899-017 §
DANIEL SILER, 10183-078 §
RODNEY DOGGETT, 83059-080 §
BRIAN CULWELL, 66552-079 §
and RONNIE TRIPLETT, 15692-064 § CASE NUMBER 1:06CV01389
Plaintiffs §
§ JUDGE: Reggie B. Walton
v. §
§ DECK TYPE: TRO/Preliminary Injunction
HARLEY LAPPIN, DIRECTOR FEDERAL §
BUREAU OF PRISONS, and ALBERT § DATE STAMP: 08/●/2006
GONZALES, UNITED STATES ATTORNEY §
GENERAL, Defendants §

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs ask the Court to grant a motion for temporary restraining order against Defendants.

A. Introduction

1.   Plaintiffs sued Defendants for their enforcement of the "DNA Backlog Elimination ACT" (42 U.S.C. §14135) and declaratory judgment regarding the ACT's constitutionality.

2.   Plaintiffs allege the ACT is unconstitutional, inter alia, because it violates Plaintiffs' sincerely held religious beliefs to provide the Government and Defendants with a DNA sample.

B.   Argument

3.   Plaintiffs will suffer immediate and irreparable injury if Defendants are not immediately restrained from taking DNA samples from Plaintiffs. Plaintiffs seek an injunctive order preventing the Defendants from taking any DNA sample during the pendency of the lawsuit, for which Plaintiffs have no adequate remedy at law. There is no adequate remedy at law because the ACT mandates that Defendants take DNA samples from Plaintiffs. The harm is irreparable because by acquiring Plaintiffs' DNA sample, Plaintiffs' sincerely

held religious beliefs are violated. Plaintiffs believe in the sanctity of their blood and body before God. Unless Defendants are immediately restrained and enjoined from taking DNA samples from Plaintiffs, Plaintiffs' religious rights will be severely violated.

4. There is a substantial likelihood that Plaintiffs will prevail on the merits because the Governments' interest advanced in the DNA ACT are not compelling, and assuming so, the Governments' interest do not outweigh Plaintiffs' constitutional religious freedoms.

5. The threatened harm to Plaintiffs outweigh the harm a temporary restraining order would inflict on Defendants.

6. The issuance of a TRO is not against the public interest because the TRO would serve the public by protecting the free exercise of religion.

### C. Ex Parte

7. The Court should enter this temporary restraining order without notice to Defendnats because Plaintiffs will suffer immediate and irreparable injury and damage if the TRO is not granted before Defendants can be heard, and notice would be impractical. Further, there is no less drastic means to protect Plaintiffs' interests.

8. Plaintiffs ask the Court to set the request for a preliminary injunction for hearing at the earliest possible hearing.

### D. Conclusion

9. For these reasons, Plaintiffs ask the Court to issue a temporary restraining order preventing Defendants from enforcing the DNA ACT and from collecting any DNA samples from Plaintiffs.

### E. Prayer

WHEREFORE, Plaintiffs pray for a TRO preventing Defendants

from collecting any DNA samples from Plaintiffs and for an Ex Parte TRO, and for all other such relief to which Plaintiffs are entitled.

                                                                                        Respectfully Submitted,

_/s/ Russell Kaemmerling_  
Russell Kaemmerling 04899-017  
F.C.I. SEA. P.O. Box 9000  
Seagoville, Texas 75159-9000

_/s/ Ronnie G. Triplett_  
Ronnie G. Triplett 15692-064  
F.C.I. SEA. P.O. Box 9000  
Seagoville, Texas 75159-9000

_/s/ Rodney S. Doggett_  
Rodney S. Doggett #83059-080  
F.C.I. SEA. P.O. Box 9000  
Seagoville, Texas 75159-9000

_/s/ Daniel R. Siler_  
Daniel R. Siler # 10183-078  
F.C.I. SEA. P.O. Box 9000  
Seagoville, Texas 75159-9000

_/s/ Brian Culwell_  
Brian Culwell # 66552-079  
F.C.I. SEA. P.O. Box 9000  
Seagoville, Texas 75159-9000

PLAINTIFFS PRO SE