IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ORIGINAL

RECEIVED
AUG 2 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| RUSSELL KAEMMERLING, et. al, Plaintiffs, | § § § § § § § § § § § | |
| v. | | Case No. 06-1389 (RBW) |
| HARLEY LAPPIN, DIRECTOR OF FEDERAL BUREAU OF PRISONS, et. al, Defendants. | | (JURY) |

ALAN MOLLOY'S MOTION TO INTERVENE

TO THE HONORABLE JUDGE OF SAID COURT:

1. Alan Molloy files this motion to intervene as a party-plaintiff, as authorized by Federal Rule of Civil Procedure 24.

A. Introduction

2. Plaintiffs are Russell Kaemmerling, Reg. #04899-017; Daniel Siler, 10183-078; Rodney Doggett, 83059-080; Brian Cullwell, 66552-079; and Ronnie Triplett, 15692-064. The Defendants are Harley Lappin, Director of the Federal Bureau of Prisons; and Alberto Gonzales, United States Attorney General. Intervenor is Allan Molloy, Reg. #52505-080.

3. Plaintiffs sued Defendants, seeking declaratory judgment, to prevent the enforcement of the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. §14135(a), as amended in 2004 to include all federal offenders convicted of any felony, which violates Plaintiffs' sincerely held religious beliefs; the Religious

Freedom Restoration Act, 42 U.S.C. §200bb; the free exercise clause; the right against unreasonable search and seizure; the right against self incrimination; and the equal protection clause of the Constitution of the United States.

B. Argument

4. Intervenor has the right to intervene in this lawsuit under Rule 24(a)(2) for the following reasons:

   a. Intervenor has a substantial legal interest in the subject matter of the lawsuit. Davis v. Butts, 290 F.3d 1297, 1300 (11th Cir. 2002); In re Troutman Enters., Inc., 286 F.3d 359, 363 (6th Cir. 2002); John Doe #1 v. Glickman, 256 F.3d 371, 375 (5th Cir. 2001). Intervenor is scheduled to be released from F.C.I. Seagoville to a halfway house in February 2007. The involuntary taking of a DNA sample, which violates intervenor's sincerely held religious beliefs, is scheduled prior to release to halfway house.

   b. There is a substantial risk that intervenor's ability to protect his interest may, and indeed will, be impaired without intervention. Davis, 290 F.3d at 1300; Troutman Enters., 286 F.3d at 363; John Doe, 256 F.3d at 375. In accordance with §14135(a), the B.O.P. is compelled by statute to collect a DNA sample from intervenor prior to his release.

   c. The present parties in the suit may not, and indeed will not, adequately represent intervenor's interest. Trbovich v. United States Mine Workers, 404 U.S. 528 538 n.10 (1972); Davis, 290 F.3d at 1300; Troutman Enters., 286 F.3d at 363; John Doe, 256 F.3d at 375. The Defendants' Motion To Dismiss pursuant to Rule 12(b)(6) stated none of the plaintiffs are scheduled to be released within the next year and are therefore not currently scheduled for DNA collection. See "Crow Declaration" attached to Defendant's Motion To Dismiss. The Crow Declaration suggests a policy to wait until the last year of incarceration for scheduling of a DNA sample. Since the Plaintiffs are not currently scheduled for DNA collection, Defendants argue Plaintiffs do not show irreparable harm. If true, the Plaintiffs will not adequately represent intervenor's interest.

5.      Intervenor's motion is timely. See NAACP v. New York, 413 U.S. 345, 365-66 (1973). Intervenor learned of the suit on August 21, 2006, when the Plaintiffs received the Defendants' motion to dismiss and intervenor mailed this motion without delay on August 23, 2006. Moreover, the Defendants have not yet filed their answer to the Plaintiffs' Original Complaint and will not be harmed in any way if the Court grants this motion.

## C. Conclusion

6.    FOR THESE REASONS, intervenor asks the Court to grant his motion to intervene as a party-plaintiff. It is so prayed.

## D. Certification

7.    I certify under penalty of perjury that the statements contained herein are true and correct to the best of my personal knowledge and belief. Executed on the 22nd day of August, 2006.

Respectfully Submitted,

_____
Alan Molloy,    # 52505-080
F.C.I.  SEA.   P.O. Box 9000
Seagoville, Texas 75159-9000

## CERTIFICATE OF SERVICE

I certify under penalty of perjury, in accordance with 28 U.S.C. §1746, that I placed a true and correct copy of the foregoing motion to intervene in the prison mailbox, properly addressed with prepaid postage attached thereto, on the 24th day of August, 2006, and mailed to the following interested parties:

Andrea McBarnette, D.C. Bar #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(Counsel for Defendants)

Alan Molloy, Reg.# 52505-080
F.C.I. SEA.   P.O. Box 9000
Seagoville, Texas 75159-9000