UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
RUSSELL KAEMMERLING, *et al.*,    :
:
:
Plaintiffs,    :
:
v.                              :    Civil Action No. 06-1389 (RBW)
:
HARLEY LAPPIN, *et al.*,          :
:
Defendants.    :
_____:

**ORDER**

This matter is before the Court on defendants' opposition to plaintiffs' motions for a temporary restraining order and preliminary injunction. The Court will deny plaintiffs' motions.

Plaintiffs, who describe themselves as Evangelical Christians, are federal prisoners incarcerated at the Federal Correctional Institution in Seagoville, Texas ("FCI Seagoville"). Because these plaintiffs have committed qualifying offenses, the Federal Bureau of Prisons is required to collect their DNA samples pursuant to the DNA Analysis Backlog Elimination Act of 2000, *see* 42 U.S.C. § 14135 *et seq.*, as amended.  Plaintiffs allege that their voluntary or involuntary submission to DNA sampling conflicts with their sincerely held religious beliefs. Enforcement of the DNA Analysis Backlog Elimination Act, they argue, violates the Religious Freedom Restoration Act, *see* 42 U.S.C. § 2000bb-1 *et seq.*, as well as rights protected under the First, Fourth, and Fifth Amendments to the United States Constitution.  Plaintiffs "seek an

injunctive order preventing the Defendants from taking any DNA sample during the pendency of the lawsuit." Plaintiffs' Motion for Temporary Restraining Order at ¶ 3.

Injunctive relief is an extraordinary remedy, and plaintiffs bear a substantial burden to obtain it. *See, e.g., Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *Herrera v. Riley*, 886 F.Supp. 45, 48 (D.D.C. 1995). To prevail on these motions for injunctive relief, plaintiffs must "demonstrate 1) a substantial likelihood of success on the merits, 2) that [they] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687 (D.C. Cir. 2001) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *Mova Pharm. Corp.*, 140 F.3d 1060, 1066 (D.C. Cir. 1998); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The Court "balance[s] the strengths of the requesting party's arguments in each of the four required areas. If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." *CityFed Fin. Corp.*, 58 F.3d at 747. Failure to demonstrate irreparable harm is grounds for refusing to issue an injunction, even if the moving party makes an adequate showing on the remaining factors. *See id.*; *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1210-11 (D.C. Cir.1989).

"In this circuit, injury is irreparable only if it is 'both certain and great.'" *Sociedad Anonima Viña Santa Rita v. United States Dep't of Treasury*, 193 F.Supp.2d 6, 14 (D.D.C. 2001) (quoting *Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Further, the moving party "must show that the injury complained of is of such

imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Wisconsin Gas Co.,* 758 F.2d at 674 (citation, brackets, and internal quotation marks omitted).

At FCI Seagoville, staff "schedule[s] the collection of DNA samples from inmates approximately one year prior to their release from custody or transfer to a halfway house." Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss and Opposition to the Motion for Temporary Restraining Order ("Defs.' Opp."), Crow Decl. ¶ 3. Review of plaintiffs' records reveals that "none of the plaintiffs are currently scheduled for release from custody or transfer to a halfway house" within the next year, and "[a]ccordingly, none of them are currently scheduled for collection of a DNA sample."[1] *Id.* ¶ 5. Plaintiffs' motions therefore will be denied because plaintiffs fail to show an injury that is both imminent and irreparable. *See CityFed Fin. Corp.*, 58 F.3d at 747 (affirming district court's denial of preliminary injunction on movant's failure to show irreparable injury); *Adair v. England*, 217 F.Supp.2d 1, 6 (D.D.C. 2002) ("[S]ince the plaintiffs have failed to demonstrate any injury, the court denies the plaintiffs' motion for a preliminary injunction and need not consider the other factors in the injunctive-relief test."); *Carabillo v. ULLICO Inc. Pension Plan and Trust*, 355 F.Supp.2d 49, 54 (D.D.C. 2004) (finding no irreparable injury to former employee demanding

---

[1] Counsel represents that plaintiffs' projected release dates are the following:

| | |
|---|---|
| Kaemmerling | February 3, 2010 |
| Triplett | November 11, 2017 |
| Doggett | November 3, 2015 |
| Culwell | January 22, 2009 |
| Siler | May 26, 2009 |

Defs.' Opp. at 2.

enrollment in retirement and health benefit programs when benefits would lapse six months from filing of complaint and motions for injunctive relief).

Accordingly, it is hereby

ORDERED that plaintiffs' motions for a preliminary injunction and a temporary restraining order [Dkt. #3] are DENIED.

SO ORDERED.

_____/s/_____<br>
REGGIE B. WALTON<br>
United States District Judge

Date: September 8, 2006