UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RUSSELL KAEMMERLING, et al.,      §
Plaintiff      §
     §
     §     Cause No.: 06-1389 (RBW)
v.      §
     §
HARLEY LAPPIN, et al.      §
Defendant      §
     §

**RECEIVED**

SEP 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION REQUIRING BUREAU OF PRISONS

## PROVIDE ACCESS TO ELECTRONIC LEGAL LIBRARY

Plaintiffs in the instant case come to this Honorable Court requesting an order requiring the Defendant, Bureau of Prisons to provide access to unpublished cases, other electronically available cases related to this case, and the research associated with them.

Plaintiffs filed suit against Defendants on August 3, 2006, seeking declaration that the DNA Backlog Act is unconstitutional and seeking temporary injunctive relief during the pendency of the proceedings. The Court ordered the Defendants to respond to the requested temporary restraining order by 5:00 p.m., August 17, 2006. Plaintiffs received a copy of the response on Monday, August 21.

In Defendants' response six cases were cited as authority which Plaintiffs currently cannot access: Word v. United States Probation Department, 2006 WL 1995578; Taylor v Norton, 2006 WL 1071517; Moss v. Johnson, 2004 WL 2248262; Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483 (1955); Yakus v. United States, 321 U.S. 414 (1944); and Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921. Plaintiffs have no access, nor research capability, due to the limited nature of the institutional law library. The institutional law library provides no access to unpublished cases, cases published electronically, any Supreme Court case published in the first Lawyer's Edition, or Federal Reporter Second Edition prior to volume 267.

1

Immediately upon receipt of the Government's response, Plaintiff Kaemmerling submitted a request to the BOP staff for the unavailable cases citing the immediate need based on filing deadlines. As of Thursday, August 31, the request has been neither honored, or denied, but rather ignored.

Plaintiff Kaemmerling is currently involved in the administrative remedy process seeking installation of electronic access to legal research as a part of the prison library. The request is based in part on the change in the Federal Rules of Appellate Procedure, Rule 32.1, by the United States Supreme Court allowing the use of unpublished and electronically published cases in all federal litigation. This rule change is to take effect January 1, 2007. In order to ensure meaningful access to the courts, Plaintiff Kaemmerling brought this to the attention of BOP staff now, allowing an adequate amount of time for arrangements to be made, equipment to be installed, etc.. On August 28, Plaintiff Kaemmerling received an answer to his second submission, of a four submission process, in the administrative remedies process. In that response, Warden Joslin denied the request citing BOP Program Statement 1315.04 stating the BOP was not required to provide such access. A copy of the request and response is attached. (See Exhibit A.) If Plaintiffs are required to wait for a bureaucracy to change its policy, which typically moves at a snail's pace, Plaintiffs may be irreparably harmed. Filing deadlines are critical and not subject to delays such as administrative remedies would demand.

The fact remains that the rules of appellate procedure change January 1, 2007. In the interim many courts, apparently including the District Court for the District of Columbia, consider unpublished cases in pleadings such as the Government's response in the instant case. In expressing her views on the suppressing of cases, former D.C. Circuit Judge Patricia Wald said it will "increase the risk of nonuniformity, allow difficult issues to be swept under the

2

carpet, and result in a body of 'secret law' practically inaccessible to many lawyers." If inaccessible to lawyers they are surely inaccessible to pro se litigants.

This leaves Plaintiffs at a distinct disadvantage by not having the opportunity to read and analyze the cases to adequately respond to Defendants' arguments. Though every opinion is accessible on legal databases, the playing field is not level when litigants such as the Government have greater resources to perform exhaustive legal research than disadvantaged, pro se litigants such as Plaintiffs. This disparity has an easy and non-burdensome resolution.

Typically, in litigation, a party is not required to furnish research, or case law, to an opposing party. Plaintiffs, pro se litigants, are of course incarcerated at the "mercy" of the Defendants, specifically the Bureau of Prisons, who have access to the entirety of available and relevant case law. Plaintiffs are left with a choice: obtain the cases by court order, or obtain them from Defendants.

Plaintiffs ask Defendants to provide Plaintiffs with a copy of the cases, or a means to obtain them via electronic databases. Defendants ignored our request.

Defendants actions in denying Plaintiffs access to electronic means to obtain critical cases Defendants cite, or provide copies, are unjust. Finally, of course, Defendants' actions are essentially retaliatory and further an intentional denial of meaningful access to the courts to enhance Defendants position at the expense of the Plaintiffs. (See related case and parties, Doggett, et al. v. Gonzales, et al., Cause No. 06-0575 (RBW), United States District Court for the District of Columbia.)

CONCLUSION

Plaintiffs request the Court issue an order requiring the Defendant, Bureau of Prisons, provide all unpublished and electronically published cases plus the

ability to research the cases. Plaintiffs only seek fairness in the process of protecting their Constitutional rights. With internet access currently available on all BOP computers it will impose no unjust burden on the Bureau of Prisons and will involve only the establishment of a commercial relationship with one of the database providers.

Respectfully submitted,


Rodney Doggett
#83059-080
P. O. Box 9000
Seagoville, TX 75159-9000


Daniel Siler
#10183-078
P. O. Box 9000
Seagoville, TX 75159-9000


Ronnie Triplett
#15692-064
P. O. Box 9000
Seagoville, TX 75159-9000


Russell Kaemmerling
#04899-017
P. O. Box 9000
Seagoville, TX 75159-9000


Brian Culwell
#66552-079
P. O. Box 9000
Seagoville, TX 75159-9000

# EXHIBIT A

In a May 22, 2006 news release, the "National Law Journal" reported on a recent change in the Rules of Appellate Procedure, Rule 32.1, as adopted by the United States Supreme Court. (Copy attached) This monumental change in appellate procedure will, as of January 1, 2007, authorize the previously disallowed citing to unpublished cases in all court pleadings in all circuits. These "unpublished" cases are accessible only through computer/internet based research.

As of January 1, any inmate involved in any criminal, or civil, litigation will be subject to answering pleadings which will cite to cases we, at FCI-Seagoville, currently cannot access due to the lack of computer research capability. It is conceivable, for example, that a government response, which requires a reply from the appellant, would only contain unpublished cases. The ability to construct an adequate rebuttal argument is dependent upon being able to read and analyze the entire case. Again, the only means of accessing unpublished cases is via computer/internet based research, capabilities that are not currently available to FCI-Seagoville inmates. Not having access to all cases is presumptively an unconstitutional denial of access to the courts and a violation of due process.

Another related issue is that state and federal courts, in adopting modern office procedures and as a cost cutting measure, are aggressively moving toward procedures whereby all court notices and orders are available only via electronic transmission, either by fax, or internet. One inmate has already received notice, from the United States District Court in New Mexico, which verifies this. That court has already set a date when it will no longer send out written court orders (rulings.) For pro se litigants at FCI-Seagoville, without computer access, this means they could be subject to a procedural default for failure to file a response without even being aware an order had been issued. For example, a Rule 59 Motion must be filed within 10 days of the order, or the opportunity to file is waived. The same is true on many appeals procedures. Pro se inmates will find themselves in a position of being denied meaningful access to the courts with the result that they would procedurally default and be further barred from the court. It is only a matter of time before all federal courts make that move. The only solution available at this time is computer based tracking of cases through a service such as PACER.

With inmates involved in appeals subject to the effects of the rule change as of January 1, 2007, it will be necessary to have a computer based system to conduct adequate accessing of unpublished cases and research in place prior to that date. Time should be allowed for acquisition, installation, clearing/authorizing inmates to have access and the learning of the system, to take place.

The Paralegal Law Clerks are seeing a rapidly growing trend of many courts adapting to current technology and these procedures. Our efforts to assist fellow inmates, who often lack the financial resources to retain outside legal counsel, is being hindered and very soon will be highly restricted and/or non-existent.

Knowing cost is an issue in any bureaucratic environment, it should be noted that the cost of books currently required to keep the library up to standard will no longer be necessary once computer research is provided. That reduction in expenditure should more than offset the cost of entry into and maintenance of the legal research system. It is realized that policies and procedures will have to be established prior to implementation.

Specifically, what is the anticipated schedule for F.C.I. - Seagoville to make the necessary adjustment and meet this coming requirement?

**KAEMMERLING, Russell**                                          **FCI Seagoville, Texas**
**Register No.: 04899-017**
**Remedy No.: 421083-F1**


This is in response to your request for Administrative Remedy receipted on July 25, 2006, in
which you state that FCI Seagoville inmates are being denied access to an electronic filing
system and legal materials available only through the internet. You request staff implement
policies allowing inmate access to these computer-based systems.

A review of the institution Law Library reveals that legal materials provided to inmates are in
compliance with the requirements of Program Statement 1315.07, Legal Activities, Inmates. In
the event that national policy regarding inmates' access to computer-based systems changes, FCI
Seagoville will institute the necessary procedures to ensure compliance.

Based on the above information, the relief you seek is denied.

If you are not satisfied with this response, you may appeal to the South Central Regional
Director, 4211 Cedar Springs Road, Suite 300, Dallas, Texas, 75219, via BP-DIR-10, within 20
calendar days of the date of this response.


_____                    ___8/22/06_____
Dan Joslin, Warden                                                      Date

We certify that we caused copies of the foregoing Motion Requiring Bureau of
Prisons Provide Access to Electronic Legal Library to be served by first class
mail upon Defendants through counsel as designated below this 4th day of
September, 2006. Mailed to:

Andrea McBarnette
Judiciary Center Building
555 Fourth Street NW
Washington, DC 20530

Rodney Doggett
#83059-080
P. O. Box 9000
Seagoville, TX 75159-9000

Russell Kaemmerling
#04899-017
P. O. Box 9000
Seagoville, TX 75159-9000

Daniel Siler
#10183-078
P. O. Box 9000
Seagoville, TX 75159-9000

Brian Culwell
#66552-079
P. O. Box 9000
Seagoville, TX 75159-9000

Ronnie Triplett
#15692-064
P. O. Box 9000
Seagoville, TX 75159-9000