IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL KAEMMERLING, et al., §
§
   Plaintiffs §
§
v. § NO. 06-1389 (RBW)
§
HARLEY LAPPIN, et al., §
§
   Defendants §

RECEIVED
NOV 0 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFFS' SUPPLEMENTAL MOTION REQUIRING THE BUREAU OF PRISONS TO PROVIDE ACCESS TO ELECTRONIC LEGAL LIBRARY

TO THE HONORABLE JUDGE OF SAID COURT:

We, Pro Se Plaintiffs, file this supplemental motion seeking access to electronic legal research and ask the Court to require the Bureau of Prisons (BOP) to provide us access to an electronic legal library.

We filed suit against Defendants for enforcing the DNA Backlog Elimination Act because the enforcement of the Act violates, among other things, our sincerely held religious beliefs.

Defendants have moved for dismissal. In their motion to dismiss, Defendants relied on numerous cases that are not published in hard-bound reporters. Indeed, these cases were an essential component of Defendants' arguments. We do not have access to these unpublished cases. Accordingly we ask this Court to order Defendants and the BOP to provide us with all unpublished cases relied upon by Defendants.

A more compelling need exists than simply requiring Defendants to give us a copy of all unpublished cases. To adequately respond to Defendants' arguments, we require means to access unpublished cases to counter and distinguish Defendants' arguments. We understand that Defendants should not be required to conduct our legal research; however, we are seriously disadvantaged because we do not have access to electronic based case law.

Essential to our ability to prosecute our lawsuit is access to all relevant and controlling case law. In fact, the United States Supreme Court has recently recognized the ever increasing reliance on electronic based case law. On January 1, 2007, the change in the rules adopted by the United States Supreme Court will authorize the citation of "unpublished" cases.

Previously, as this Court knows, litigants could not cite nor rely on unpublished cases. Because of the increasing vitality of electronic research, including the internet, essentially the "publication" definition has been dramatically altered. Ostensibly, the rationale for disallowing citation to "unpublished" cases was because the parties could not access that particular case law. The rationale is no longer compelling because of increased reliance and availability of electronic research capabilities. As inmate pro se plaintiffs, we do not have access to the internet or any other means of conducting electronic legal research.

WHEREFORE, we pray this Honorable Court grant our motion seeking access to an electronic legal library. We pray the Court order the Bureau of Prisons to provide us with means to access an electronic legal library.

Respectfully submitted,

*Rodney S. Doggett*
Rodney Doggett
#83059-080
P. O. Box 9000
Seagoville, TX 75159-9000

*Daniel Siler*
Daniel Siler
#10183-078
P. O. Box 9000
Seagoville, TX 75159-9000

*Ronnie Triplett*
Ronnie Triplett
#15692-064
P. O. Box 9000
Seagoville, TX 75159-9000

*Russell Kaemmerling*
Russell Kaemmerling
#04899-017
P. O. Box 9000
Seagoville, TX 75159-9000

*Brian Culwell*
Brian Culwell
#66552-079
P. O. Box 9000
Seagoville, TX 75159-9000

*Alan Malloy*
Alan Malloy
#52505-080
P. O. Box 9000
Seagoville, TX 75159-9000

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Supplemental Motion Requiring the Bureau of Prisons to Provide Access to Electronic Law Library was mailed first class mail, postage pre-paid to the addressee below, in accordance with Houston v. Lack, 487 U.S. 266 (1988), on 30 October 2006, by placing it in the receptacle marked for legal mail at FCI - Seagoville. 28 U.S.C. §1746.

_/s/ Russell Kaemmerling_
Russell Kaemmerling

Andrea McBarnette
U.S. Attorney
555 Fourth St NW,
Washington, DC  20530