UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RUSSELL KAEMMERLING, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 06-1389 (RBW) |
| | : | |
| HARLEY LAPPIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss. Having considered the motion, and plaintiffs' opposition, the Court will dismiss this action without prejudice for plaintiffs' failure to exhaust their administrative remedies.

I.   BACKGROUND

Plaintiffs, who describe themselves as Evangelical Christians, are federal prisoners incarcerated at the Federal Correctional Institution in Seagoville, Texas ("FCI Seagoville").[1] *See* Compl. at 1, 5. Prison officials intend to collect DNA samples from inmates at FCI Seagoville pursuant to the DNA Analysis Backlog Elimination Act of 2000, *see* 42 U.S.C. § 14135 *et seq.*, and BOP's "directive under the Act."[2] Compl. at 3. Plaintiffs allege that their voluntary or

---

[1]   Plaintiff Rodney Doggett recently has been transferred to a Federal Prison Camp in Anthony, Texas. *See* Notice of Change of Address [Dkt. #13].

[2]   The statute provides that "[t]he Director of the Bureau of Prisons shall collect a DNA sample from each individual in the custody of the Bureau of Prisons who is, or has been, convicted of a qualifying Federal offense." 42 U.S.C. § 14135a(a)(1). Qualifying offenses
(continued...)

1

involuntary submission to DNA sampling conflicts with their sincerely held religious beliefs. *See id.* at 7-12. They claim that the DNA Analysis Backlog Elimination Act is unconstitutional and that it violates the Religious Freedom Restoration Act, *see* 42 U.S.C. § 2000bb-1 *et seq.*, as well as their rights protected under the First, Fourth, and Fifth Amendments to the United States Constitution. *See id.* at 4-5, 18-24.

## II. DISCUSSION

Defendants move to dismiss this case on the ground that plaintiffs failed to exhaust their administrative remedies prior to filing this civil action. *See* Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("Defs.' Mot.") at 5-6. A complaint should not be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); Fed. R. Civ. P. 12(b)(6). The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131, 135 (D.D.C. 2001). The Court is not obligated, however, to draw inferences that are not supported by the facts alleged. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

In relevant part, the Prison Litigation Reform Act provides that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, <u>or any other Federal law</u>, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[2](...continued)
include murder, sexual abuse, robbery, and other violent offenses. 42 U.S.C. § 14135a(d). The complaint does not cite or describe the language of the BOP's "directive."

42 U.S.C. § 1997e(a) (emphasis added).  The exhaustion requirement of Section 1997e(a) is mandatory, and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002).  A prisoner must complete the administrative process, "regardless of the relief offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies. *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

"Exhaustion is 'an affirmative defense that the defendants have the burden of pleading and proving.'" *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (quoting *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 681 (4th Cir. 2005) ("[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant."); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.) (holding that "nonexhaustion under § 1997e(a) . . . does not impose a pleading requirement," but "creates a defense" requiring defendants to raise and prove the absence of exhaustion), *cert. denied sub nom, Alameida v. Wyatt*, 540 U.S. 810 (2003); *Jackson v. District of Columbia*, 89 F.Supp.2d 48, 56 (D.D.C. 2000) (holding that exhaustion under Section 1997e(a) is an affirmative defense), *vacated in part on other grounds*, 254 F.3d 262 (D.C. Cir. 2001); *but see Jones v. Bock*, 135 Fed. Appx. 837, 839 (6th Cir. June 15, 2005) (per curiam) (deeming exhaustion under the PLRA a prerequisite to prison conditions lawsuit "suit such that the prisoner must sufficiently plead exhaustion in the complaint or attach proof of exhaustion to the complaint"), *cert. granted*, 74 U.S.L.W. 3499 (U.S. Mar. 6, 2006) (No. 05-7058); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th

Cir. 2003) (concluding that § 1997e(a) imposes a pleading requirement on the prisoner), *cert. denied*, 543 U.S. 925 (2004).

In this case, although defendants neither plead nor prove plaintiffs' failure to exhaust their administrative remedies, dismissal is warranted nonetheless. Plaintiffs concede their failure to exhaust their administrative remedies. Compl. at 2; Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Pls.' Opp'n") ¶¶ 9-13. Plaintiffs assert that BOP "lacks any authority to provide any relief or take any action whatsoever," Compl. at 2, and conclude, therefore, that they "are not required to exhaust any administrative remedies." *Id.* at 3. They claim that "[t]here is simply no administrative remedy to exhaust." Pls.' Opp'n ¶ 13.

Even if plaintiffs believe that pursuing the grievance procedures is futile, presumably because defendants are powerless to disregard the statute, *see* Pl.'s Opp'n ¶ 13, they are not relieved of their obligation to comply with those procedures. *See Booth v. Churner*, 532 U.S. at 741 n.6 (finding that the Court will not "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). Plaintiffs' "belief that availing [themselves] of those grievance procedures is futile is not a sufficient reason for bypassing portions of the administrative remedy process." *Jeanes v. United States Dep't of Justice*, 231 F.Supp.2d 48, 50 (D.D.C. 2002). Rather, the Supreme Court instructs that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *See Booth v. Churner*, 532 U.S. at 741.

At some point before their release from custody or transfer to community corrections facilities, BOP officials will schedule the collection of plaintiffs' DNA samples. *See* Defs.'

Mot., Crow Decl. ¶ 3. These collections surely would qualify as "prison circumstances or occurrences" under § 1997e(a). *Porter v. Nussle*, 534 U.S. at 520. Dismissal of this action is therefore warranted for plaintiffs' failure to exhaust their administrative remedies prior to filing the instant civil action. *See Janis v. United States*, 162 Fed. Appx. 642, 644 (7th Cir. 2006) (dismissing claims at screening stage where prisoner's failure to exhaust administrative remedies is obvious from face of complaint); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (dismissing claims that were exhausted several days after lawsuit filed and claims for which prisoner had not pursued any administrative remedies); *Johnson v. District of Columbia Dep't of Corr., Transp. Unit*, No. 01-7204, 2002 WL 1349532 *1 (D.C. Cir. June 20, 2002) (per curiam) (upholding dismissal without prejudice for failure to exhaust administrative remedies because the appellant had not filed an inmate grievance); *cf. Jackson v. District of Columbia*, 254 F.3d at 269 (noting language of § 1997e(a) that no action shall be *brought*, not that no action shall be *tried*, until available administrative remedies are exhausted).

### III.  CONCLUSION

The Court will grant defendants' motion to dismiss on the ground that plaintiffs have failed to exhaust their administrative remedies before filing this action. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                          /s/
                                    REGGIE B. WALTON
                                    United States District Judge

Date: November 30, 2006